# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TACOS QUIROGA, | ) | 1:09cv01412 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| | ) | |
| MATSON ALARM CO., INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tacos Quiroga ("Plaintiff"), appearing pro se, filed this action on August 12, 2009. On August 18, 2009, the Court ordered Plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee within thirty days. Over thirty days have passed and Plaintiff has complied with the Order or otherwise contacted the Court.

## DISCUSSION

A.      Failure to Follow Court Order

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

1

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

2  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

3  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

4  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

5  41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to

6  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

7  1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

8  1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local

9  rules).

10      In determining whether to dismiss an action for lack of prosecution, failure to obey a

11  court order, or failure to comply with local rules, the court must consider several factors: (1) the

12  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

14  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16  46 F.3d at 53.

17      In the instant case, the Court finds that the public's interest in expeditiously resolving this

18  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case

19  has been pending since August 12, 2009.  The third factor, risk of prejudice to defendants, also

20  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

21  unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

22  1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

23  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a

24  party that his failure to obey the court's order will result in dismissal satisfies the "consideration

25  of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;

26  Henderson, 779 F.2d at 1424.  The Court's August 18, 2009, order requiring Plaintiff to pay the

27  filing fee or submit an application to proceed in forma pauperis expressly stated: "Failure to

28  comply with this order will result in a recommendation that this action be dismissed."  Thus,

1   Plaintiff had adequate warning that dismissal would result from his noncompliance with the

2   court's order.

3                                   **RECOMMENDATION**

4           Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED.

5           These findings and recommendations will be submitted to the Honorable Anthony W.

6   Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

7   being served with these Findings and Recommendations, Plaintiff may file written objections

8   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

9   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

10  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

11  (9th Cir. 1991).

12

13          IT IS SO ORDERED.

14      **Dated:    September 28, 2009**                        **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28